IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 17–64–BLG–DLC |
| Plaintiff, | |
| vs. | ORDER |
| GEORGE SCOTT PRINDLE, | |
| Defendant. | |

Before the Court is Defendant George Scott Prindle's motion for early termination of supervised release. (Doc. 60.) Mr. Prindle pled guilty to one count of distribution of methamphetamine, in violation of 21 U.S.C. § 541(a)(1), and on January 31, 2018, was sentenced to 18 months imprisonment, followed by 3 years supervised release. (Doc. 48.) Mr. Prindle now seeks the premature termination of the remaining term of supervised release. The United States does not object. (Doc. 61.)

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation,[1] if it is satisfied that such action is

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Mr. Prindle's supervised release. Fed. R. Crim. P. 32.1(c). Such a

1

> warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Mr. Prindle began his three-year term of supervised release on June 14, 2019, rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing

---

hearing is not necessary, however, if Mr. Prindle waives it, or if the proposed modification is favorable to him and the United States' does not object. The premature termination of Mr. Prindle's supervised release is obviously favorable to him and the United States does not object. (Doc. 61.) Accordingly, the Court will dispose of this matter without a hearing.

decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 821.

The Court finds that consideration of the foregoing factors supports the early termination of Mr. Prindle's remaining term of supervised release. While his underlying offense conduct is serious, Mr. Prindle's post-conviction conduct is a testament to the notion that people can learn from their mistakes. As the United States agrees, Mr. Prindle has enjoyed "exemplary performance while on supervision." (Doc. 61 at 2.) Mr. Prindle's recent medical issues, including a cancer diagnosis, further support the premature termination of his remaining period of supervised release. (Doc. 60.) In short, the interests of justice and Mr. Prindle's conduct on supervised release all support early termination in this matter. The Court wishes Mr. Prindle the best of luck.

Accordingly, IT IS ORDERED that the motion (Doc. 60) is GRANTED.

IT IS FURTHER ORDERED that Mr. Prindle's remaining term of supervised release is TERMINATED as of the date of this Order.

The Clerk of Court is directed to notify the United States Probation Office of the making of this Order.

DATED this 12th day of July, 2021.

Dana L. Christensen, District Judge
United States District Court